CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2015

JULIA G. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN HEATH DOSS, | ) | CASE NO. 7:14CV00015 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARKE, DIRECTOR, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Petitioner Brian Heath Doss, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Doss challenges the validity of his confinement under the March 2010 judgment of the Circuit Court of Pittsylvania County, under which he was convicted of one count of distribution of cocaine and one count of distribution of cocaine, second or subsequent offense. Respondent has moved to dismiss, and Doss has responded.

The matter is now before the court on the report and recommendation of the United States Magistrate Judge, prepared pursuant to 28 U.S.C. § 636(b)(1)(B), with recommended findings of fact and conclusions of law. The report recommended that the motion to dismiss be granted. Doss has filed timely objections to the report.

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of any portions of the magistrate judge's report to which a specific objection is made. 28 U.S.C. § 636(b)(1). After de novo review of the portions of the report to which Doss objects, the court concludes that his objections must be overruled. The court will adopt the report and recommendation in its entirety and grant respondent's motion to dismiss.

Doss alleges the following grounds for relief under § 2254:

1. The Supreme Court of Virginia was unreasonable to dismiss the petition for appeal due to the untimely filed notice of appeal and petition for appeal because Doss never received the Circuit Court's dismissal order;

2. The Circuit Court was unreasonable for finding that counsel did not render ineffective assistance by not consulting with Doss before trial about the "important issues and decisions" for a defense;

3. The Circuit Court was unreasonable for finding that counsel did not render ineffective assistance by not asking for a curative instruction about the prosecutor's "prejudicial" statements during closing argument and sentencing; and

4. (a) The Court of Appeals of Virginia and the Supreme Court of Virginia were unreasonable for holding that the prosecutor had not violated Brady during trial; and (b) the Circuit Court was unreasonable for finding the Brady claim not cognizable in habeas proceedings pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), and Henry v. Warden, 576 S.E.2d 468, 469 (Va. 2003).

The magistrate judge recommended dismissal of Claim 1, because it challenges only the habeas corpus appeal proceedings in Supreme Court of Virginia, rather than the criminal proceedings by which Doss stands convicted. As the report found, such errors and irregularities with state post-conviction proceedings are not cognizable on federal habeas review. See, e.g., Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988). Doss objects to this conclusion and the recommendation that the claim be dismissed. In so doing, Doss merely reiterates evidence and argument he presented in his petition seeking to prove that he did not receive a copy of the circuit court's order dismissing his state habeas petition. Even assuming Doss can prove this factual point, however, the claim itself does not present any ground for relief under § 2254, for reasons stated in the report. Therefore, the court will overrule the objection, adopt the report, and grant the motion to dismiss as to Claim 1.

The magistrate judge recommended that Claims 2 and 3 be dismissed as procedurally barred from federal habeas review. He based this recommendation on the Supreme Court of

2

Virginia's dismissal of Doss' habeas appeal on procedural grounds, because Doss did not file a timely notice of appeal or petition for appeal. Doss does not challenge the procedural default finding, but does object to the recommendation that Claims 2 and 3 be dismissed. Doss argues that the circuit court clerk's failure to send him a copy of the habeas dismissal order should serve as cause to excuse his default of Claims 2 and 3. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991) (finding federal court may review procedurally defaulted claim if petitioner shows cause for default and resulting prejudice).

The magistrate judge found, however, that Doss had not shown both cause and prejudice, and the court agrees. In addition to the default findings on these claims, the report recommended that Doss' Claims 2 and 3 be dismissed under § 2254(d), because the state court's adjudication of these claims was not contrary to, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), as established federal law, and was not based on an unreasonable determination of facts. Doss makes no specific objections to the report's findings and conclusions under Strickland, and his discussions of these claims in his other pleadings are appropriately addressed and resolved in the report. Doss cannot show that he will be prejudiced by the enforcement of his procedural default to bar review of claims that do not entitle him to relief under § 2254(d). For the stated reasons, the court will overrule Doss' objections, adopt the report, and grant the motion to dismiss as to Claims 2 and 3.

Doss does not object to the report's recommendation that Claim 4 be dismissed. On portions of the magistrate judge's report and recommendation to which no party has objected, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315

3

(4th Cir. 2005). The court is satisfied that there is no clear error on the face of the record as to Claim 4.[1]

For the reasons stated, the court will overrule petitioner's objections, adopt the report and recommendation in its entirety, and grant the motion to dismiss. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 23rd day of March, 2015.

/s/ Glen Conrad
Chief United States District Judge

---

[1] The magistrate judge recommended that as to Doss' Brady claim involving a urine test and two statements by the confidential informant, Claim 4 should be dismissed under § 2254(d), as failing to state any ground for federal habeas relief. The report recommended dismissal of all other aspects of Claim 4 as procedurally barred from federal review.

4